## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | | |
|---|---|---|
| THE BURLINGTON INSURANCE COMPANY, | ) ) ) | |
| **Plaintiff** | ) ) | |
| VS. | ) ) ) | CIVIL ACTION NO: |
| KENDRA TAYLOR DBA BACK THE GUARD SECURITY SERVICE; BACK THE GUARD, LLC; KENYADA TAYLOR, TARA FROST, AND TYRONE MILES | ) ) ) ) ) ) | |
| **Defendants.** | ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, the Plaintiff, The Burlington Insurance Company ("TBIC"), and files the following Complaint for Declaratory Judgment, stating as follows:

### PARTIES

1.     Plaintiff TBIC is an Illinois corporation with its principal place of business in Connecticut.

2.     Defendant Kendra Taylor DBA Back The Guard Security Service is upon information and belief an adult citizen of the State of Alabama and is over the age of 19. Kendra Taylor DBA Back The Guard Security Service is the named insured under the TBIC policy of insurance that is the subject of this action. (See

1

TBIC policy attached hereto as Ex. A at p. 3).

3.      Defendant Back The Guard, LLC is a domestic limited liability company formed in Mobile County, Alabama. (*See* Certificate of Formation, attached hereto as Ex. B). Upon information and belief, Kenyada Taylor is the registered agent for and sole member of Back the Guard, LLC. (*See Id.*). Back The Guard, LLC is a named defendant in both of the Underlying State Court Actions: (1) *Tara Frost v. Greater Gulf State Fair, Sauve Entertainment, LLC, Back the Guard, LLC and Kentada Taylor* (02-CV-2023-900285) and (2) *Tyone Miles v. Greater Gulf State Fair DBA The Grounds, Suave Entertainment, LLC, Back the Guard, LLC* (02-CV-2024-900691) (hereinafter collectively referred to as "The Underlying Actions").

4.      Defendant Kenyada Taylor is upon information and belief an adult citizen of the State of Alabama over the age of 19 and the sole member and owner of Back The Guard, LLC. (*See* Ex B.) Kenyada Taylor is a defendant in the underlying *Frost* suit. (*See Frost* Complaint, as amended, attached hereto as Ex. C).

5.      Defendant Tara Frost is an adult citizen of the State of Alabama and is over the age of 19. Defendant Frost is the plaintiff in the underlying *Frost* suit. (*See* Ex. C).

6.      Defendant Tyrone Miles is an adult citizen of the State of Alabama and is over the age of 19. Defendant Miles is the plaintiff in the underlying *Miles* suit.

(*See Miles* Complaint, attached hereto as Ex. D).

<b><u>JURISDICTION AND VENUE</u></b>

7.     This is an action for declaratory judgment relief pursuant 28 U.S.C. §§ 2201, *et. seq.* and Rule 57 of the Federal Rules of Civil Procedure.

8.     This Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because there is diversity of citizenship between the Plaintiff and the Defendants.

9.     The insurance policy at issue in this declaratory judgment action provides for a per occurrence limit of liability, which exceeds the sum of $75,000.00. The projected cost to TBIC of defending the Underlying Actions (described herein in Paragraphs 11 to 13) also exceeds the $75,000.00 threshold. Moreover, the amount in controversy in the Underlying Actions is in excess of $75,000.00, exclusive of interest and costs.

10.     Venue of this declaratory judgment action is proper in the Mobile Division of the Southern District of Alabama pursuant to 28 U.S.C. § 1391 because a substantial portion of the events or omissions giving rise to this claim occurred in Mobile County, Alabama, which is within this judicial district and division. For instance, both of the Underlying Actions are currently pending in the Circuit Court of Mobile County, Alabama.  Venue is also proper under 28 U.S.C. § 1391 because

all Defendants reside in Mobile County, Alabama.

## FACTUAL ALLEGATIONS

11.    The Underlying State Court Actions subject to this Declaratory Judgment each arise from a shooting that took place on March 20, 2022, at the premises located at 1035 Cody Road North, Mobile, Alabama, also known as the Mobile Fairgrounds or "The Grounds". The Plaintiff in each State Court Action claims personal injury and other damages as a result of the shooting. Plaintiff *Frost* alleges she was critically injured when she was shot by another patron with a gun. Plaintiff *Miles* alleges injuries resulting from a crowd surge that followed the gunfire. TBIC seeks a declaration of its rights and obligations (if any) to defend and/or indemnify Kendra Taylor, Kendra Taylor d/b/a Back The Guard Security Service, Kenyada Taylor and Back The Guard LLC in the Underlying State Court Actions.

12.    The *Frost* lawsuit was filed on February 17, 2023. On May 18, 2023, Frost filed an Amended Complaint naming Kenyada Taylor and Back The Guard, LLC as defendants. Paragraph seven (7) of the First Amended Complaint states as follows:

## STATEMENT OF THE FACTS

7.    On or about the 20th day of March 2022, Plaintiff, Tara Frost, was a lawful invitee with a reasonable expectation of

> safety and security at all times herein of a concert held at THE
> GROUNDS located at 1035 Cody Road North, Mobile, Alabama
> 36608, and was critically injured when another patron that
> entered the event with a gun and shot Plaintiff Tara Frost, causing
> critical injuries and damages.

(Ex. C at pp. 5-6). The five-count Complaint in *Frost* brings claims for negligence, reckless/wantonness and premises liability against Back The Guard, LLC and Kenyada Taylor. (*Id*. at 7-15). At the beginning of each Count, the factual allegations contained in paragraph seven are re-alleged as if set out fully therein. (*See id*).

13.    The *Miles* lawsuit was filed on March 18, 2024. (Ex. D). The *Miles* Complaint brings claims for negligence and wantonness against Back The Guard, LLC. (Id.). Both causes of action contain the following factual allegation:

> On or about March 20, 2022, Plaintiff, Tyrone Miles, while an
> invitee, was upon the premises located at 1035 Cody Road North,
> Mobile, Alabama, either owned or under the control of the
> Defendants…While in an area open to invitees and expected to
> be traversed by said invitees, the Plaintiff, was knocked down
> and injured during a crowd surge which was precipitated by
> gunfire in the crowd.

(Ex. D at pp. 2-3).

14.    Upon information and belief, the shooter was named Jamonthy Adero Jackson. A Complaint was filed by the State of Alabama under Ala. Code § 13A-11-84 to forfeit the weapon used by Jackson, One Glock 17 Pistol, Serial #

BWFC616." (*See* Ex. E). The Complaint provides the following facts regarding the shooting:

> 2.    On March 20, 2022, the above listed weapon was seized by Officers of the Mobile Police Department…while observing the respondent fire a handgun in the air fourteen times at 951 Cody Road North in Mobile…
>
> […]
>
> 5.    On March 20, 2022, while working security at a concert at The Grounds, Mobile Police Officers responded to a shooting at the concert. As over a thousand people were fleeing the venue JAMONTHY ADERO JACKSON was observed in the parking lot firing the above referenced BLACK Model 19 pistol into the air approximately 14 times.
>
> JAMONTHY ADERO JACKSON was ordered to the ground and the odor of burnt gunpowder still hung in the air. The above referenced GLOCK Model 19 with an extended magazine was loaded on JAMONTHY ADERO JACKSON's person. While clearing the pistol it was noted that the barrel was still hot to the touch. And additional loaded GLOCK magazine was found in JAMONTHY ADERO JACKSON's vehicle. Fourteen fired

9mm cartridges were recovered at the scene...

(Ex. E at pp. 1-2). Upon information and belief, Mr. Jackson was arrested in the parking lot of the venue and charged criminally for offenses including Reckless Endangerment. (*See* Ex. E).

## THE INSURANCE POLICY AT ISSUE[1]

15.    TBIC issued a Commercial General Liability Policy, Policy No. 023B103950, with a Policy Period of 08/17/2021 to 08/17/2022, to the named insured Kendra Taylor DBA Back The Guard Security Service (the "TBIC Policy"). A copy of this Policy (premium amounts redacted) is attached hereto as Exhibit A.

16.    The only named insured on the Declarations Page of the TBIC Policy at the time of the loss is identified as follows:

> **Item 1.** Named Insured and Mailing Address
>
> KENDRA TAYLOR
>
> DBA Back The Guard Security Service
> 3220 COTTAGE HILL RD
> APT #8103
> MOBILE
> AL 36606

(Ex. A at p. 3).

---

[1] In pleading these specific provisions, terms, exclusions, conditions and definitions, TBIC in no way waives its plea that other provisions, terms, exclusions, conditions and/or definitions may be applicable and reserves the right to amend this Complaint. Further, the failure to refer specifically to provisions of the Policy, other principles of law, or specific facts is not intended and does not waive any rights, claims, and/or coverage defenses TBIC may have under the provisions of the Policy and the applicable law.

17.     After the loss, the Named Insured was changed from "Kendra Taylor" to "Kenyada Taylor" via endorsement on October 14, 2022. This change went into effect on August 17, 2022. (*See* General Change Endorsement, attached as Ex. F).

18.     However, the TBIC policy's Declarations Page has, at all times relevant, listed the named insured as an "Individual" under **Item 5.** Form of Business. (*See* Ex. A at p. 3, Ex. F at p. 2).

19.     Back the Guard, LLC is not identified on the TBIC policy's Declarations Pages. (*See* Ex. A at p. 3, Ex. F at p. 2).

20.     The TBIC Policy sets out the trigger of coverage in the insuring agreement, contained in an endorsement that reads as follows:

> **AMENDMENT – SECTION I INSURING AGREEMENT**
> […]
> **1.     Insuring Agreement**
>
> > **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. […]
> >
> > […]
> > **b.**     This insurance applies to "bodily injury" and "property damage" only if:
> >
> > > **(1)**     The "bodily injury' or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
> > > […]

(Ex. A at p. 26).

21.    **SECTION V. DEFINITIONS** of the TBIC Policy includes the following:

      **13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

(Ex. A at p. 46)

22.    **SECTION II – WHO IS AN INSURED** of the TBIC Policy provides the following:

      **1.**    If you are designated in the Declarations as:

          **a.**    An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

      […]

      No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

(Ex. A at p. 40).

23.    The TBIC Policy also contains Exclusionary Endorsements regarding the use of firearms and assault and battery. The Exclusion for "Canines, Firearms or Incapacitating Devices" is laid out below:

### EXCLUSION – CANINES, FIREARMS, OR INCAPACITATING DEVICES

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.    The following exclusion is added to **2. Exclusions** of **Section I – Coverage A – Bodily Injury and Property Damage Liability** under the Commercial General Liability Coverage Form.

2.    **Exclusions**

Insurance provided under this Coverage Part does not apply to:

**Canines, Firearms, Or Incapacitating Devices**

"Bodily injury" or "property damage" caused by or arising out of:

**a.** The ownership or use of any canine;

**b.** The ownership, maintenance, use, possession, sale, manufacturing, servicing, repair or entrustment to others of any "firearm"; or

**c.** The ownership, maintenance, use, possession, sale, manufacturing, servicing, repair or entrustment to others of any device or apparatus designed to stun and immobilize a person or cause neuromuscular incapacitation

by or on behalf of any person or organization.

This exclusion applies even if claims against any insured allege negligence or other wrongdoing in:

**1.** The supervision, hiring, employment, training or monitoring of others by that insured; or

**2.** The rendering of or failure to render aid, medical or otherwise, to any person.

B.    For the purposes of this endorsement the following definitions are added to the Definitions Section:

"Firearm" means any weapon which is designed to or may readily be converted to expel any projectile. "Firearm" also includes the frame or receiver of any such weapon.

**All other terms and conditions of this Policy remain unchanged.**

[…]

(Ex. A at p. 18). Further, the Exclusion for Assault, Battery or Other Physical Alteration provides as follows:

## EXCLUSION – ASSAULT, BATTERY OR OTHER PHYSICAL ALTERCATION

This endorsement modifies insurance provided under the following:

COMMERICAL GENERAL LIABILITY COVERAGE PART

**A.**    Paragraph D. of this endorsement replaces exclusion a. of 2. Exclusions in Section I – Coverage A – Bodily Injury and Property Damage under the Commercial General Liability Coverage Form.

**B.**    Paragraph E. of this endorsement is added to 2. Exclusions of Section I – Coverage B – Personal and Advertising Injury Liability under the Commercial General Liability Coverage Form.

**C.**    When the Miscellaneous Professional Liability Coverage endorsement is attached, Paragraph F. of this endorsement is added to Paragraph 2. Exclusions under the Miscellaneous Professional Liability Coverage endorsement.

**D.**    This insurance does not apply to:

a. Assault, Battery Or Other Physical Altercation

"Bodily injury" or "property damage"

11

(1) Expected or intended from the standpoint of any insured;

(2) Arising in whole or in part out of any "assault" or battery" committed or attempted by any person.

(3) Arising in whole or in part out of any act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened "assault" or "battery".

(4) Arising in whole or in part out of any actual or threatened verbal or physical confrontation or altercation committed or act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened verbal or physical confrontation or altercation.

**E.**    This insurance does not apply to:

**z.    Assault, Battery Or Other Physical Altercation**

"Personal and advertising injury":

(1) Expected or intended from the standpoint of any insured.

(2) Arising in whole or in part out of any "assault" or "battery" committed or attempted by any person.

(3) Arising in whole or in part out of any act or omission in connection with avoiding, preventing suppressing or halting any actual or threatened "assault" or "battery."

(4) Arising in whole or in part out of any actual or threatened verbal or physical confrontation or altercation committed or act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened verbal or physical confrontation or altercation.

**F.**    This insurance does not apply to:

**Assault, Battery Or Other Physical Altercation**

Any "damages" arising out of any actual alleged or threatened "assault" or "battery".

12

**G.** The exclusions added in paragraphs D, E and F of this endorsement apply to all acts or omissions, including any act or omission in responding to or failing to respond or render aid, medical or otherwise, to any victim of the "assault" or "battery" or physical confrontation or altercation, and all theories of liability (direct or vicarious) asserted against any insured, including but not limited to all theories of negligence, gross negligence, recklessness or intentional tort and shall not be subject to any severability or separation of insureds provision in the policy.

**H.** The following are added to the Definitions Section of the policy:

"Assault" means any attempt or threat to inflict injury upon the person of another, or any display of force such as would give a person reason to fear or expect immediate bodily harm.

"Battery" means physical contact with a person without his or her consent that entails some injury or offensive touching.

**All other terms and conditions of this Policy remain unchanged.**

[…]

(Ex. A at p. 25).

24.     TBIC is currently affording a defense to Kenyada Taylor and Back the Guard LLC in each of the Underlying Actions under comprehensive reservation of rights.

<u>**COUNT I**</u>
**DECLARATORY JUDGMENT THAT COVERAGE IS EXCLUDED UNDER THE TBIC POLICY'S EXCLUSIONARY ENDORSEMENT FOR ASSAULT, BATTERY OR OTHER PHYSICAL ALTERATION**

25.     TBIC re-alleges and incorporates paragraphs 1-24 as if set out fully

herein.

26.    TBIC has no duty to defend or indemnify Kendra Taylor, Kendra Taylor d/b/a Back The Guard Security Service, Kenyada Taylor, or Back The Guard LLC in the Underlying Actions because coverage is excluded under the Policy's Exclusionary Endorsement for Assault, Battery or Other Physical Altercation.

27.    This exclusionary endorsement precludes coverage for "bodily injury" or "property damage" arising in whole or in part out of any:

> (1) "assault" or "battery" committed or attempted by any person;
> (2) act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened "assault" or "battery";
> (3) any actual or threatened verbal or physical confrontation or altercation committed or act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened verbal or physical confrontation or altercation.

28.    Plaintiffs *Frost* and *Miles* each claim personal injury arising in whole or part by an assault or battery.

29.    The *Frost* Complaint alleges Plaintiff was "critically injured when another patron that entered the event with a gun and shot Plaintiff Tara Frost, causing critical injury." This factual allegation is reasserted and realleged throughout each and every Count of the *Frost* Complaint.

30.    The *Miles* Complaint claims personal injury from being "knocked down and injured during a crowd surge which was precipitated by gunfire in the crowd." This factual allegation is contained in both Counts of the *Miles* Complaint.

31.    Therefore, TBIC submits it is entitled to a declaration that it has no duty to defend or indemnify Kendra Taylor, Kendra Taylor d/b/a Back The Guard Security Service, Kenyada Taylor or Back The Guard LLC in any claims presented in the *Frost* or *Miles* Complaints under the Policy's Exclusionary Endorsement for Assault, Battery or Other Physical Altercation.

## COUNT II
## DECLARATORY JUDGMENT THAT COVERAGE IS EXCLUDED UNDER THE TBIC POLICY'S EXCLUSIONARY ENDORSEMENT FOR CANINES, FIREARMS, OR INCAPACITATING DEVICES

32.    TBIC re-alleges and incorporates paragraphs 1-31 as if set out fully herein.

33.    TBIC has no duty to defend or indemnify Kendra Taylor, Kendra Taylor d/b/a Back The Guard Security Service, Kenyada Taylor, or Back The Guard LLC in the Underlying Actions because coverage is excluded under the Policy's Exclusionary Endorsement for Canines, Firearms, or Incapacitating Devices.

34.    This exclusionary endorsement excludes coverage for "'bodily injury' or 'property damage' caused by or arising out of…the use…of any 'firearm'…by or on behalf of any person or organization." The exclusion expressly applies "even if claims against any insured alleged negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured…".

35.    Plaintiffs *Frost* and *Miles* each claim personal injury caused by or arising out of the use of a firearm, which precludes coverage.

36.    The *Frost* Complaint alleges Plaintiff was "critically injured when another patron that entered the event with a gun and shot Plaintiff Tara Frost, causing critical injury." This factual allegation is reasserted and realleged throughout each and every Count of the *Frost* Complaint.

37.    The *Miles* Complaint claims personal injury from being "knocked down and injured during a crowd surge which was precipitated by gunfire in the crowd." This factual allegation is contained in both Counts of the *Miles* Complaint.

38.    Therefore, for this separate and independent reason, TBIC submits it is entitled to a declaration that it has no duty to defend or indemnify Kendra Taylor, Kendra Taylor d/b/a Back The Guard Security Service, Kenyada Taylor or Back The Guard LLC in any claims presented in the *Frost* and *Miles* Complaints under the policy's exclusionary endorsement for Canines, Firearms, or Incapacitating Devices.

## COUNT III
## DECLARATORY JUDGMENT THAT PLAINTIFFS' WANTONNESS CLAIMS DO NO TRIGGER COVERAGE UNDER THE TBIC POLICY

39.    TBIC re-alleges and incorporates paragraphs 1-38 as if set out fully herein.

40.    The TBIC Policy provides coverage for "bodily injury" and "property damage," caused by an "occurrence.". "Occurrence" is defined in the Policy as an "accident including continuous or repeated exposure to substantially the same general harmful conditions."

41.    Each of the underlying suits bring claims for wantonness against

Kenyada Taylor and/or Back the Guard, LLC stemming from the shooting. "The Alabama Supreme Court has defined wantonness as 'the conscious doing of some act or the omission of some duty which under knowledge of existing conditions and while conscious that, from the act or the omission of such duty, injury will likely be the probable result....'" Hopson v. United States, No. 2:17-CV-01070-JEO, 2019 WL 1875358, at *2 (N.D. Ala. Apr. 26, 2019). The Plaintiffs' wantonness allegations do not constitute an occurrence under the TBIC policy.

42.    Based on the foregoing, the wantonness claims in the Underlying Actions do not allege an occurrence, accident, or any unintended or unforeseen events so as to trigger coverage.

43.    As a result, TBIC submits it is entitled to a declaration that it has no duty to defend or indemnify Kendra Taylor, Kendra Taylor d/b/a Back The Guard Security Service, Kenyada Taylor, or Back The Guard, LLC for the wantonness claims because coverage has not been triggered under the TBIC Policy.

**<u>COUNT IV</u>**
**DECLARATORY JUDGMENT THAT THE TBIC POLICY PROVIDES NO COVERAGE FOR PUNITIVE OR EXEMPLARY DAMAGES**

44.    TBIC re-alleges and incorporates paragraphs 1-43 as if set out fully herein.

45.    The TBIC policy contains an exclusionary endorsement entitled "Alabama – Exclusion – Punitive Damages." This endorsement precludes coverage

for any claim of or indemnification for punitive or exemplary damages." It goes on to state that TBIC has no "obligation to pay for any fees, including but not limited to attorney fees, costs, interest or damages attributable to punitive or exemplary damages."

46.    Each of the Underlying Actions requests both compensatory and punitive damages.

47.    TBIC submits that it is entitled to a declaration that no coverage exists for any claim of or indemnification for punitive or exemplary damages.

**COUNT V**
**DECLARATORY JUDGMENT THAT BACK THE GUARD LLC**
**DOES NOT QUALIFY AS AN INSURED UNDER THE TBIC POLICY**

48.    TBIC re-alleges and incorporates paragraphs 1-47 as if set out fully herein.

49.    The TBIC Policy identifies "Kendra Taylor DBA Back The Guard Security Service" as the only named insured.

50.    After the date of loss, the Named Insured was changed from Kendra Taylor to Kenyada Taylor.

51.    The policy's Declarations Page lists the insured as an "Individual".

52.    The policy's Declarations Page does not identify Back The Guard, LLC as a Named Insured.

53.    Under SECTION II – WHO IS AN INSURED, the TBIC policy affords

insured status to the individual listed in the Declarations and his or her spouse but only with respect to the conduct of a business of which the individual is the sole owner.

54.    Under SECTION II – WHO IS AN INSURED, insured status is further limited by the following:

> No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

55.    Back The Guard LLC does not qualify as an insured under the terms of the TBIC Policy because it is neither the individual identified on the declarations page nor the individual's spouse.

56.    Back The Guard LLC does not qualify as an insured under the terms of the TBIC Policy because the Limited Liability Company was not shown on the Declarations page.

57.    As such, coverage is not afforded to Back The Guard LLC, and TBIC seeks a declaration that it is not obligated to defend or indemnify Back the Guard LLC in the Underlying Actions for this additional reason.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff TBIC requests that this Court grant the following relief:

A. Declare that TBIC does not have a duty to defend Kendra Taylor, Kendra Taylor d/b/a Back The Guard Security Service, Kenyada Taylor, or Back the Guard LLC in the Underlying Actions under the TBIC Policy;

B. Declare that TBIC does not have a duty to indemnify Kendra Taylor, Kendra Taylor d/b/a Back The Guard Security Service, Kenyada Taylor, or Back the Guard LLC for any judgment rendered in favor of the Plaintiffs in the Underlying Actions under the TBIC Policy;

C. Declare that there is no coverage under the TBIC Policy for any of the claims asserted in the Underlying Actions;

D. Grant TBIC such other, further, or different relief to which it may be entitled.

Respectfully submitted,

/s/ Hugh B. Harris

Hugh B. Harris (ASB-6626-A46Z)
Attorney for Plaintiff The Burlington Insurance Company (TBIC)

OF COUNSEL:
**STOCKHAM, COOPER & POTTS, P.C.**
1111 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
Telephone:  205.776.9000
Email:      hharris@scplaw.net

**PLEASE SERVE VIA U.S. CERTIFIED MAIL**

**Kendra Taylor**
DBA Back The Guard Security Service
3220 Cottage Hill Road
APT #8103
Mobile, AL 36606


**Back The Guard, LLC**
C/O Kenyada Taylor
3365 Hartsfield Way E
Mobile, AL 36695

**Back The Guard, LLC**
C/O Kenyada Taylor
Mobile Police Department Headquarters
2460 Government Boulevard
Mobile, Alabama 36606

**Kenyada Taylor**
Mobile Police Department Headquarters
2460 Government Boulevard
Mobile, Alabama 36606

**Tara Frost**
679 E. Michigan Ave
APT 705
Foley, Alabama 36535-3102

**Tahnee Anica Mims**
3600 Michael Blvd
APT G105
Mobile, AL 36609-7601

**Tyrone Miles**
312 Oak Drive
Mobile, AL 36617-3714